McCormick v. Bishop.

Judgment affirmed.

*J. Matthews*, for plaintiff in error.

*Geo. C. Dixon*, for defendant.

----•◦•----

McCormick v. Bishop.

3g 99
f112 297
112 299

3g 99
120 236

When an appeal from a justice of the peace was taken subsequent to the day of judgment, notice of such appeal should be served upon appellee at least ten days before the trial term in the district court, unless appellee waives notice by appearance.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J.   Bishop and Wiswell sued John
McCormick before a justice of the peace in an action of
assumpsit.  Judgment was rendered against the plaintiffs
and they took an appeal to the district court.   At the first
term the case was continued, and when it came up for trial
at the next term, it appeared that the appellee had not been
served with notice of the appeal, and had made no appear-
ance in the district court, but the appellant insisted on going
to trial, and thereupon recovered judgment against the defen-
dant.  The question is now presented, did the court below
err in rendering judgment against the defendant without
notice or appearance?

The statute provides that if the appeal is not allowed on
the day "judgment is rendered, the appellant shall give the
appellee at least ten days notice in writing, before the sitting
of the court at which the cause is to be determined;" that
the notice may be served in like manner as an original
summons, and that if notice is not given as required, the
cause shall, on application of the appellee, be continued, but
that no appeal shall be dismissed for want of such notice.
Rev. Stat. 335. § 13–14.

This statute clearly requires notice or contemplates the
appearance of the appellee in all cases where the appeal is
allowed after the date of judgment; and requires the notice
to be given at least ten days before the term, at which the
cause is to be determined.

If the continuance had been granted on the application
of appellee, that would have shown an appearance, and no
notice would have been necessary to justify a trial of the
cause at the next term of court.   But there was no such
appearance, and hence the notice should have been served

upon appellee at least ten days before the term of court at which judgment was rendered.

It is obvious that a continuance of the cause on motion of appellants, or by order of the court without motion, cannot supercede the necessity of notice. The notice should be served in all such cases, unless the appeal is taken on the day judgment is rendered, or unless appellee waives notice by appearance.

True under the statute the appeal should not be dismissed for want of such notice; but it is equally true that a valid jugdment cannot be rendered against the appllee without either notice or appearance.

Judgment reversed.

*J. C. Hall*, for plaintiff in error.

*C. Mason*, for defendant.